HIGGINS & BOGUE, *vs.* ALEXANDER HAYWARD, JR. (In Error.) FRANKLIN, *January,* 1833.

That the omission of *vi et armis* in an action of trespass, does not vitiate in this state, unless met by a special demurrer.

That the refusal of the Court to receive a plea, after the last continuance, or the taxing of witnesses travel and attendance, cannot be assigned for error, unless the grounds of decision are placed upon the record by a bill of exceptions.

HUTCHINSON C. J.

This is a writ of error, bringing up the record of an action, commenced by said Hayward against the plaintiffs in error, and originally commenced before a Justice of the Peace, and appealed to the County Court. We should suppose, from the papers now presented to us, that there was much warm litigation in the County Court, which ended in the plaintiffs recovering a judgement. To reverse that judgement this writ of error is brought. In *nullo est erratum* is pleaded. The arguments of counsel are too prolix to be published. The first error, insisted upon is a defect in the declaration. The action was trespass for taking a Chaise and harness: and the defect complained of as error is, the omission of the word *force,* in the usual expression, *with force and arms.* There exists, in this State, neither of the reasons, which ever existed in England for making this averment in a civil action when first introduced in England. The civil action was also a criminal process; and, if the plaintiff recovered damages, a fine was assessed to the King. Hence the *vi et armis* and *contra pacem* were apt expressions, in reference to one part of the judgement, that must be rendered in the action, if the plaintiff recovered at all. When the Statute 5 W. & Mary C. 12, abolished this fine, it created a substitute, by requiring the plaintiff, on signing judgement, to pay a fixed sum, which he recovered back in his judgement. And the *vi et armis* seems as necessary to secure this substitute, as it did before to warrant the fine. But, by the Statute 4 & 5, Ann, C. 16, the omission of *vi et armis*, and *contra pacem*, is aided except on special demurrer. See Goulds pleadings, p. 188-9.

In this State, there never has been a fine imposed upon the defendant, nor any duty collected of the plaintiff, in an action of trespass, any more than in an action of assumpsit; and there never has been any reason for inserting

Franklin,
January,
1833.

Higgins and
Bogue
vs.
Hayward.

those expressions in our writs of trespass, except preserv-
ing a reverence for ancient forms; and, when the reason
for a law ceases, the law itself ceases, in many cases, at
least. Moreover, the practice under some very ancient
English statutes is so interwoven with the common law,
it has come down almost as a part of the common law,
and has become a part of the common law in this state.
On one or more of these grounds, the insertion of the *vi
et armis,* in civil actions of trespass, has long since lost its
seeming importance, unless the omission is met by a spe-
cial demurrer.

Another error is assigned upon the taxation of costs by
the County Court. The error is, that witnesses are taxed
whose certificates are not signed, or not sworn to. If
there were a bill of exceptions allowed by the judges of the
County Court, showing, that these witnesses were taxed
without the consent of the opposite party, and without
any other evidence than these defective certificates, there
might be some weight in this error thus made apparent up-
on the record. But no such error now appears. The
statute does not take away the power of the Court to
hear evidence concerning costs, *viva voce,* and allow the
travel and attendance of witness without *any* certificates
in writing. And the record must show, that the County
Court made some wrong decision, before their judgement
will be reversed. Every presumption is in favor of the
correctness of their judgement, in an action regularly be-
fore them, till the contrary appears.

The error, relied upon, which is most intimately con-
nected with the merits of the controversy, is, the refusal of
the County Court, at their April Term in 1828, to receive
a plea in bar, then offered by the plaintiff in error, bring-
ing in as they contended, a defence, which had arisen af-
ter the last continuance of the cause in December, 1827.
It is now contended, that two actions were pending before
said Court, at their December adjourned Term in 1827, in
favor of the same original plaintiff, and against the same
original defendants, for one and the same trespass; and,
that judgement was recovered in one at said December
Term, and the other continued—and that they claimed to
plead in bar to said continued action, at said April Term,

FRANKLIN,
January,
1833.

Higgins and
Bogue
vs.
Hayward.

the said recovery, and the satisfaction of the judgement, and that this plea was rejected by the Court, by reason of its being offered out of season. This plea, thus offered, is copied into the writ of error, as if it made a part of the record. So is a long bill of exceptions, that was never allowed by the judges of the Court—and neither of them ever became a part of the record, so as that error could be assigned upon them. The Clerks writing, that the plea was offered, and rejected by the Court, by reason of its coming too late, does not make it a part of the record. The party, that would raise any question upon this refusal of the Court to admit the plea, must get the judges to allow and sign exceptions to this refusal, assigning their reasons for such refusal ; and thus making all appear of record. Then the Court of Errors could see whether, considering the subject matter of the plea, and the time when, and the circumstances under which the plea was offered, the party had a right then to interpose such new defence. If the plaintiff seek a remedy by writ of error, they must show themselves deprived of a right, not merely denied a motion, addressed to the discretion of the Court.

It is easy to perceive good reasons, which might exist, why this plea should have been rejected. The plea itself describes a judgement that does not necessarily appear to be for the same cause of action. It contains an averment, that it is for the same cause. But it is accompanied with no affidavit, as the English rules require. If it was offered, under these circumstances, just as the action was called up for trial at the April Term of 1828, the Court did right to reject it.

Again, the judgement was rendered at December adjourned term, 1827. As soon as it became a complete judgement, it was ready to be used as a bar to the other suit, and this before satisfaction of the same. It is not easy to see, why the plea in bar of such a recovery might not have been plead during said December Term, and before this last continuance of this suit, to said April Term. If the Court saw this to be so, there was not a right to have the plea received, and no good reason why it should be received, if not offered till said April Term.

A defendant has as good a right to present a defence,

FRANKLIN,
January,
1833.

Higgins and
Bogue
vs.
Hayward.

which arises after the action is pending, and even after plea pleaded, as if it existed before. But he must present either the one or the other in season, according to the rules of the Court, where there are rules, that apply. And according to rules of fair practice, where no particular rule applies he must not be permitted, as a matter of right, to plead so late as necessarily to push the action over to another term, and plead such matters only as he has known for weeks and months.

We discover no error in this record, and the judgement of the County Court is affirmed, with additional damages and costs.

*Read & Beardsley*, for plaintiff in Error.

*Smith & Royce*, for defendant in Error.

